## JACK SLAWSON *v.* THE STATE.

1. CONTINUANCE — SEVERANCE. — The Code authorizes a severance of defendants to enable one to obtain the testimony of the other, by a prior trial and acquittal of the latter; but this provision is based on the idea that there is no evidence against the party to be first tried, and does not contemplate that if he is convicted, and appeals, the other shall be entitled to a continuance until the appeal shall be determined.

2. PLEADING. — The rulings in *Copping* v. *The State, ante,* p. 61, referred to with approval.

APPEAL from the County Court of Bell. Tried below before the Hon. W. M. MINYARD, County Judge.

See the opinion for the material facts.

*Monteith & Furman*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.   The appellant was prosecuted by information, together with Arthur Copping, and charged with wilfully disturbing a congregation assembled for religious worship.   It seems that a severance was granted at the instance of the appellant, and his co-defendant was placed on trial first, and, contrary to his expectation, was convicted ; whereupon this appellant moved the court to grant him a continuance, to enable him to have the benefit of the testimony of his co-defendant, and alleging that he believed his said co-defendant would appeal from the judgment, and that it would be reversed on appeal, and setting out the materiality of the testimony he expected to obtain in this manner.   The court refused to continue the case, and he was tried and convicted, and assigns as error the ruling on the application for a continuance.   The co-defendant of the appellant has appealed, and his appeal has been decided by this court to-day ; and the only question in the present case not decided in Copping's case arises on the continuance.

We have always understood that the provision of the Code which authorizes a severance in order to procure the testimony of a co-defendant is based on the idea that there is no testimony against the one sought to be put first on trial ; and that the whole object sought to be attained is defeated when, instead of acquitting, the jury convict the one so put first on trial, and that the law never contemplated that the trial of the one who procured the severance should be delayed until the legality of the conviction of the other should be determined on appeal.   If the testimony of the convicted co-defendant had been of vital importance, he could have been rendered a competent witness by payment

of his fine.   We fail to discover any error in the ruling of the court.

For a discussion of the other questions raised on this appeal, see *Copping* v. *The State*, this day decided, *ante*, p. 61.

The judgment is affirmed.

*Affirmed.*